UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS GESUALDI, ANTHONY
D'AQUILA, LOUIS BISIGNANO,
ANTHONY PIROZZI, JOSEPH FERRARA,
FRANK FINKEL, MARC HERBST,
DENISE RICHARDSON, THOMAS CORBETT        **ORDER**
and MICHAEL O'TOOLE, as Trustees and        12 CV 4818 (DRH) (ARL)
fiduciaries of the Local 282 Welfare, Pension,
Annuity, Job Training, and Vacation and Sick
Leave Trust Funds,

                        Plaintiffs,
   -against-

DELAND CONTRACTING, INC.,

                        Defendant.
------------------------------------------------------------X

**HURLEY, Senior District Judge:**

      Plaintiffs Thomas Gesualdi, Anthony D'Aquila, Louis Bisignano, Anthony Pirozzi, Joseph Ferrara, Frank Finkel, Marc Herbst, Denise Richardson, Thomas Corbett, and Michael O'Toole (collectively, "plaintiffs"), as Trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (the "Funds"), commenced this action against Deland Contracting Inc. ("Deland" or "defendant") for injunctive and monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145. This action arose out of defendant's failure to permit the Funds to conduct an audit of its books and records. After Deland's default was noted by the Clerk of Court pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), plaintiffs moved for entry of a default judgment under Rule 55(b). On February 22, 2013, this motion was referred to United States Magistrate Judge Arlene R. Lindsay

to issue a Report and Recommendation as to whether plaintiffs have demonstrated that the allegations in the Complaint establish the defendant's liability such that the motion for default judgment should be granted, and if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded.

On August 8, 2013, Judge Lindsay issued a Report and Recommendation which recommended that plaintiffs be awarded a default judgment but that pending further submission, no decision be made with respect to the amount of damages for unpaid contributions, interest on unpaid contributions, liquidated damages, and attorneys' fees and costs. Judge Lindsay also recommended that an order be issued directing defendant to permit an audit of its books and records dating back to November 16, 2010. More than fourteen days have elapsed since service of the Report and Recommendation and no party has filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the August 8, 2013 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. Accordingly, the August 8, 2013 Report and Recommendation is adopted, and plaintiffs' motion for a default judgment is granted. Deland is directed to submit to an audit of its books and records dating back to November 16, 2010 within thirty (30) days of the date this order is entered. Plaintiffs shall have sixty (60) days from the date this order is entered to complete the audit and to file a renewed motion for damages.

**SO ORDERED.**

Dated: Central Islip, New York
September 9, 2013

_____/s/_____
Denis R. Hurley
Unites States District Judge

2