UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THOMAS GESUALDI, ANTHONY
D'AQUILA, LOUIS BISIGNANO,
ANTHONY PIROZZI, JOSEPH FERRARA,
FRANK FINKEL, MARC HERBST,
DENISE RICHARDSON, THOMAS CORBETT         **ORDER**
and MICHAEL O'TOOLE, as Trustees and       12 CV 4818 (DRH) (ARL)
fiduciaries of the Local 282 Welfare, Pension,
Annuity, Job Training, and Vacation and Sick
Leave Trust Funds,

                            Plaintiffs,

    -against-

DELAND CONTRACTING, INC.,

                            Defendant.
-----------------------------------------------------------X

**HURLEY, Senior District Judge:**

       Plaintiffs Thomas Gesualdi, Anthony D'Aquila, Louis Bisignano, Anthony Pirozzi, Joseph Ferrara, Frank Finkel, Marc Herbst, Denise Richardson, Thomas Corbett, and Michael O'Toole (collectively, "plaintiffs"), as Trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (the "Funds"), commenced this action against Deland Contracting, Inc. ("Deland" or "defendant") for injunctive and monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145. This action arose out of defendant's failure to permit the Funds to conduct a complete audit of its books and records. After Deland's default was noted by the Clerk of Court, pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), plaintiffs moved for entry of a default judgment under Rule 55(b). On February 22, 2013, plaintiffs' motion was referred to United States Magistrate Judge Arlene R. Lindsay to issue a Report and Recommendation as to whether plaintiffs had

demonstrated that the allegations in the Complaint established the defendant's liability such that the motion for default judgment should be granted, and, if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded.

On August 8, 2013, Judge Lindsay issued a Report and Recommendation ("2013 Report and Recommendation") which recommended that plaintiffs be awarded a default judgment but that, pending further submission by the plaintiffs, no decision be made with respect to the plaintiffs' application for unpaid contributions, interest on unpaid contributions, liquidated damages, and attorneys' fees and costs. Judge Lindsay also recommended that an order be issued directing defendant to permit an audit of its books and records dating back to November 16, 2010. On September 9, 2013, this Court adopted the 2013 Report and Recommendation.

On December 5, 2013, plaintiffs filed a Supplemental Declaration in Further Support of Motion for Default Judgment, which was referred to Judge Lindsay on December 6, 2013, to issue a Report and Recommendation as to the appropriate amount of damages, costs, and/or fees, if any, to be awarded. On August 4, 2014, Judge Lindsay issued a Report and Recommendation ("2014 Report and Recommendation") which recommended that plaintiffs be awarded damages in the amount of $307,977.91, consisting of $221,994.34 in unpaid contributions, $37,350.40 in interest on the unpaid contributions plus daily accrued interest until the date of payment, $44,398.87 in liquidated damages, $3,284.50 in attorneys' fees and $949.80 in costs. More than fourteen days have elapsed since service of the 2014 Report and Recommendation and no party has filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the 2014 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. Accordingly, the 2014 Report and Recommendation is

adopted as if set forth herein, and plaintiffs' request for damages, costs, and fees is granted. The Court hereby directs that plaintiffs recover damages from defendant in the amount of $307,977.91, consisting of $221,994.34 in unpaid contributions, $37,350.40 in interest on the unpaid contributions plus daily accrued interest until the date of payment, $44,398.87 in liquidated damages, $3,284.50 in attorneys' fees and $949.80 in costs. Upon entry of judgment, the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
September 17, 2014

/s/
Denis R. Hurley
Unites States Senior District Judge